IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-65,469-03




EX PARTE PAIGE LOUIS BENNER, AKA PAIGE LOUIS MOLISH, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 926958R IN CRIMINAL DISTRICT COURT NO. 3
FROM TARRANT COUNTY



           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to fifty years’ imprisonment. The Tenth Court of Appeals affirmed his conviction.
Benner v. State, No. 10-05-00057-CR (Tex. App.–Waco 2006, pet. dism’d).
            Applicant contends, among other things, that his appellate counsel filed an untimely petition
for discretionary review. On October 17, 2007, we dismissed this application under Tex. Code
Crim. Proc. art. 11.07, § 4. We now withdraw that dismissal on our own motion and remand this
application for findings of fact and conclusions of law. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order appellate counsel, Wes Ball, to respond to Applicant’s
ineffective assistance of appellate counsel claim. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first make findings of fact and conclusions of law as to whether the
factual basis of Applicant’s claim was available on the date his second application was filed in the
trial court. See Tex. Code Crim. Proc. art. 11.07, § 4(c). If the trial court finds that it was not
available, it shall then make findings and conclusions as to whether appellate counsel filed an
untimely petition for discretionary review. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim
for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
 

Filed: March 31, 2010
Do not publish